**FALAKASSA LAW, P.C.**
Joshua S. Falakassa (Bar No. 295045)
*josh@falakassalaw.com*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (818) 456-6168; Fax: (888) 505-0868

**BOKHOUR LAW GROUP, P.C.**
Mehrdad Bokhour, Esq. (Bar No. 285256)
*mehrdad@bokhourlaw.com*
Anwar D. Burton, Esq. (Bar No. 253504)
*anwar@bokhourlaw.com*
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Tel: (310) 975-1493; Fax: (310) 675-0861

Attorneys for Plaintiff and the Putative Classes

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERARDO GARZA JR., on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WINCO HOLDINGS, INC., *dba* WinCo Foods, an Idaho Corporation; and DOES 1-50, inclusive.<br><br>Defendants. | CASE NO.: 1:20-cv-01354-JLT-HBK<br><br>**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT:**<br><br>(1) FAILURE TO PAY MINIMUM WAGES;<br><br>(2) REST PERIOD VIOLATIONS;<br><br>(3) FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS;<br><br>(4) WAITING TIME PENALTIES;<br><br>(5) UNFAIR COMPETITION; and<br><br>(6) CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT<br><br>**DEMAND FOR JURY TRIAL** |

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

Plaintiff Everardo Garza Jr. ("Plaintiff") on behalf of himself, and all others similarly situated non-exempt employees, complains and alleges as follows:

### INTRODUCTION

1. Defendant Winco Holdings Inc., an Idaho corporation, *dba* WinCo Foods, and DOES 1-50 (collectively "Defendants"), operate numerous grocery stores and its own network of distribution and transportation across California. Plaintiff brings this class action against Defendants for alleged violations of the California Labor Code and Business and Professions Code. As set forth below, Plaintiff alleges that Defendants' uniform wage and hour policies and practices failed to pay him and all other similarly situated employees for all hours worked due to its uneven and unlawful time rounding practices as further detailed herein. In addition, Defendants required Plaintiff and other similarly situated employees to perform pre-shift and post-shift duties off-the-clock. Plaintiff further alleges that Defendants' rest period policies and practices failed to provide him and all other similarly situated employees with compliant rest periods, or premium wages in lieu thereof. As a result of the foregoing, Plaintiff alleges that Defendants failed to provide non-exempt employees with accurate written itemized wage statements and failed to timely pay all of their final wages upon separation of employment. Based on these alleged violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution, penalties, and other related relief on behalf of himself and all others similarly situated.

### JURISDICTION AND VENUE

2. Plaintiff, on behalf of himself and all others similarly situated non-exempt employees hereby brings this class action for recovery of unpaid wages and penalties under California Labor Code §§ 201-203, 204, 226(a), 226.7, 516, 512, 558, 1182.12, 1194, 1194.2, and 1197 and all other applicable Wage Orders, in addition to seeking declaratory relief and restitution pursuant to California Business and Professions Code § 17200, *et. seq*. This class action is brought pursuant to California Code of Civil Procedure § 382. This Court has jurisdiction over Defendants' violations of the California Labor Code and applicable Wage Orders because the amount in controversy exceeds this Court's jurisdictional minimum.

3.      Venue is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, as most of the acts and omissions complained of herein occurred in the City of Modesto, County of Stanislaus. Defendants own, maintain offices, transact business, have an agent or agents within the County of Stanislaus, and/or otherwise are found within the County of Stanislaus, and Defendants are within the jurisdiction of this Court for purposes of service of process.

## PARTIES

4.      At all relevant times herein, Plaintiff, who is over the age of 18, was and currently is a California resident residing in the State of California. Defendants employed Plaintiff as a non-exempt employee in Modesto, California in the County of Stanislaus.

5.      Plaintiff is informed and believes and thereon alleges that defendant Winco Holdings, Inc. is an Idaho corporation authorized to and doing business in Stanislaus County, California, and is and/or was the legal employer of Plaintiff, the Class Members, and the Aggrieved Employees during the applicable statutory periods. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed to him by California Labor Code §§ 201-203, 204, 226a, 226.7, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, and California Business and Professions Code § 17200 et seq. (Unfair Competition), and applicable Wage Orders.

6.      Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and continue to do) business in the State of California, County of Stanislaus. Defendants operate/manage their business from 4400 Crows Landing Rd, Modesto, CA 95358.

7.      Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 to 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed, and believes, and thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and

1  proximately caused Plaintiff and the Classes to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

8. Plaintiff is informed, and believes, and thereon allege, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all members of the Classes. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

9. At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all members of the Classes.

## COMMON FACTUAL ALLEGATIONS

10. Defendants operate 126 grocery stores and its own distribution and transportation network operating across California.

11. Plaintiff worked for Defendants in its distribution center/warehouse in Modesto California as a non-exempt employee. Plaintiff and other non-exempt employees worked in a 24/7 operation, including nights, weekends, and holidays. Plaintiff and other non-exempt employees were responsible for various roles (including stocker, clerk and warehouse workers, forklift drivers) in all aspects of Defendants' distribution operations in California. However, Defendants routinely denied Plaintiff and other non-exempt employees with the benefits they are entitled to under the California Labor Code as further discussed in detail herein.

12. First, at all relevant times, Plaintiff and other non-exempt employees typically worked in one of three shifts during their employment: the day shift, which began at approximately 4:00 a.m. and lasted until approximately 12:30 p.m.; the graveyard shift, which began at approximately 8:00

4
**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

p.m. and lasted until approximately 4:00 a.m., and the "swing" shift which began at approximately 12:30 p.m. and lasted until approximately 8:00 p.m. Likewise, each shift was staffed with approximately 60-70 employees working in various positions throughout Defendants' warehouse(s). If Plaintiff and other non-exempt employees were not at their workstation by the start of their regularly scheduled shift, they would face discipline up to and including termination. Consequently, Plaintiff and other non-exempt employees were required to begin lining up to clock-in approximately 5-minutes before the start of their scheduled shift to report to work in a timely matter and perform pre-shift duties. Defendants knew or should have known that Plaintiff and other non-exempt employees were working off-the-clock without pay. Nevertheless, Plaintiff and other non-exempt employees were not compensated for this pre-shift time they spent prior to clocking in and thus, subject to the control of Defendants.

13.    Furthermore, at all relevant times, Defendants had a consistent policy of rounding Plaintiff's and other non-exempt employees' time entries to the nearest 15 minutes. For example, based on information and belief, if Plaintiff or another non-exempt employee working the graveyard shift clocked in at 7:57 p.m., Defendants would round that time punch to 8:00 p.m.; if an employee clocked out for their meal period at 12:09 a.m., Defendant would round that punch to 12:15 a.m.; if the employee clocked in from their first meal break at 12:41 a.m., Defendant would round that punch to 12:45 a.m., and if the employee punched out for the workday at 4:05 a.m., Defendant would round that punch to 4:00 a.m., and only pay the employee for 7 hours and 30 minutes that workday even though the employee actually worked for 7 hours and 36 minutes. However, since Defendants are capable of tracking the time worked by non-exempt employees to the minute, the rounding policy exists not for the convenience or benefit of the employees who are trying to report their time accurately, but for Defendants' benefit. As such, Defendant's rounding policy is not neutral and results in an underpayment to Plaintiff and other non-exempt employees over time.

14.    As a result of Defendant's unlawful time rounding practices and failure to pay for off-the-clock time, Plaintiff and other non-exempt employees were not compensated for all the hours and minutes that they work, in violation of Labor Code §§ 204, 1194, 1197.1, 1199 and applicable Wage Orders.

15. Labor Code § 1197.1 authorizes employees who are paid less than the minimum fixed by an applicable state or local law, or by an order of the commission a civil penalty, restitution of wages, and liquidate damages as follows: (1) for any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid....[and] (2) [f]or each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. As set forth above, Defendants failed to compensate Plaintiff and other non-exempt employees for all hours worked.

16. Moreover, at all relevant times, Plaintiff and other non-exempt employees were not provided with all rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof due to Defendants' invalid rest period policies/practices, operational requirements and work demands. For example, non-exempt employees processing inbound shipments, were required to wait for contracted "lumpers" to unload freight from Defendant's truck trailers before they could receive the product, count it, check it for accuracy and store it within the warehouse. However, because the lumpers often ran behind schedule, Plaintiff and other non-exempt employees were forced to work on a compressed schedule which often required them to forego their legally-mandated rest periods.

17. As another example, Defendants required Plaintiff and non-exempt employees to use headsets equipped with voice solution technology to help them locate and pick items ready for shipment. However, the headsets would often malfunction thereby causing a delay in processing orders for shipment. Since outbound shipments needed to leave the warehouse on schedule to reach their specified destination on time, non-exempt employees tasked with preparing outbound shipments for delivery often had to forego their breaks to make up for the lost time due to the malfunctioning equipment. Further, Plaintiff and other non-exempt employees were not allowed to take rest periods at their respective workstations but were instead required to use the breakroom or exit the facility once the break horn sounded. Given the size of Defendant's warehouse, non-exempt employees would often have to travel across the large warehouse before they reached the breakroom or could exit the facility to start a rest period. Once the break horn sounded to signal the end of the rest period,

1 non-exempt employees had to return to their workstations. As a result, non-exempt employees' rest periods were often shortened to be less than 10 net minutes.

18. Under the applicable Wage order, an employer must authorize and permit all employees to take ten (10) minute duty free rest periods for every major fraction of four hours worked. This includes a third rest period for shifts in excess of 10.0 hours in a workday. *See Augustus v. ABM Security Services, Inc.* (2016) 2 Cal. 5th 257, 269 [concluding that "during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time."].

19. As a result, Plaintiff and other non-exempt employees could not take all of their legally mandated 10-minute rest periods "relinquished from all duties" as required by Labor Code § 226.7. Additionally, Defendants also failed to maintain any mechanism for the payment of rest period premium payments as required by Labor Code § 226.7. As a result of Defendants' unlawful rest period policies and practices, Plaintiff seeks to recover on behalf of himself and all aggrieved employees rest period premiums and penalties. Consequently, Defendants has violated Labor Code §§ 226.7, 512 and applicable Wage Orders.

20. As a result of Defendants' failure to pay Plaintiff and other non-exempt employees for all hours worked as a result of unlawful rounding and off-the-clock work, and failure to provide all compliant rest periods or compensation in lieu thereof, Defendants have also failed to pay Plaintiff and other non-exempt employees all wages owed at their time of separation from employment with Defendants in violation of Labor Code §§ 201-203 and applicable Wage Orders.

21. Finally, as to Plaintiff and other non-exempt employees, Defendants also failed to provide accurate itemized wage statements in accordance with Labor Code § 226(a)(1, 2, 5, and 9). Labor Code § 226 obligates employers, semi-monthly or at the time of each payment to furnish an itemized wage statement in writing showing:

> (1) gross wages earned;
> (2) total hours worked by the employee;
> (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate;
> (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;
> (5) net wages earned;
> (6) the inclusive dates of the period for which the employee is paid;

7
**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

(7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number;
(8) the name and address of the legal entity that is the employer...; and
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

22. As a further result of Defendants' failure to pay Plaintiff and other non-exempt employees for all hours worked as a result of unlawful rounding and off-the-clock work, and failure to provide all compliant rest periods or compensation in lieu thereof, the wage statements issued by Defendants do not indicate the correct amount of gross wages earned, net wages earned, or the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of Labor Code § 226(a)(1), (2), (5) and (9). Additionally, Defendant's wage statements issued to Plaintiff and other non-exempt employees failed to include the correct rate of pay in violation of Labor Code 226(a)(9).

## CLASS ACTION ALLEGATIONS

23. Definition of Classes: Plaintiff brings this action on behalf of himself and the following Classes pursuant to § 382 of the Code of Civil Procedure:

(1) All non-exempt employees who work or worked for Defendants in California, in any of its warehouses/distribution facilities/centers during the four years immediately preceding the filing of the Complaint through the date of trial. ("Class" or "Class Members");

(2) All non-exempt employees who work or worked for Defendants in California, in any of its warehouses/distribution facilities/centers during the one year immediately preceding the filing of the Complaint through the date of trial; ("Wage Statement Class");

(3) All Class Members, who separated their employment with Defendants during three years immediately preceding the filing of the Complaint through the date of trial. ("Waiting Time Penalty Class")

(collectively "the Classes")

24. Numerosity/Ascertainability: The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes is unknown to Plaintiff at this time; however, it is estimated that the Classes number greater than one

8
**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

25. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiff and all other similarly situated non-exempt employees, which predominate over questions affecting only individual members including, without limitation to:

1. Whether Defendants failed to pay members of the Class all wages for all hours worked by virtue of their rounding policies/practices;
2. Whether Defendants failed to pay members of the Class all wages for all hours worked as a result of off-the-clock work by members of the Class;
3. Whether Defendants provided legally compliant rest periods or compensation in lieu thereof to members of the Class;
4. Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Class pursuant to Labor Code § 226; and
5. Whether the timing and amount of payment of final wages to members of the Waiting Time Penalty Class at the time of separation from employment were unlawful.

26. **Predominance of Common Questions:** Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as Defendants' uniform pay policies/practices, Defendants' uniform policy of failing to provide complaint rest periods, Defendants' failure to provide accurate itemized wage statements, and to pay for all wages due upon separation of employment. As such, the common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

27. **Typicality:** The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s) of limitation applicable to each cause of action pled in the Complaint in this action. As alleged herein,

Plaintiff, like the members of the Classes was deprived of minimum wages as a result of Defendants' unlawful timekeeping policy/practices, and was deprived of rest period premium wages, was subject to Defendants' uniform rest period policies/practices, and was not paid all wages owed at the time of his separation of employment.

28. **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiff. Plaintiff's attorneys have prosecuted several wage-and-hour class actions in state court in the past and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

29. **Superiority**: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein.

30. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants;

and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests.

31. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Class identified in Paragraph 23 are maintainable as Classes under § 382 of the Code of Civil Procedure.

## FIRST CAUSE OF ACTION

## MINIMUM WAGE VIOLATIONS

## (AGAINST ALL DEFENDANTS)

32. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

33. Section 4 of the applicable Wage Orders and California Labor Code §§ 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

34. At all relevant times herein, Defendants failed to conform their pay practices to the requirements of the law. This unlawful conduct includes but is not limited to Defendants' uniform and unlawful practice of rounding Plaintiff's and members of the Class's time entries and failing to pay Plaintiff and members of the Class for all off-the-clock work, which resulted in these individuals not being paid for all hours actually worked. Accordingly, Plaintiff and members of the Classes were not compensated for all hours worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the California Labor Code and applicable Wage Orders.

35. Labor Code § 1198 makes unlawful the employment of an employee under conditions that the IWC prohibits. California Labor Code §§ 1194(a) and 1194.2(a) provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the

11
**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

unpaid balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due and interest thereon.

36. As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and the Classes have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and they are entitled to recover economic and statutory damages and penalties and other appropriate relief as a result of Defendants' violations of the California Labor Code and applicable Wage Orders.

37. Defendants' practice and uniform administration of corporate policy regarding illegal employee compensation is unlawful and creates an entitlement to recovery by Plaintiff and members of the Classes in a civil action for the unpaid amount of minimum wages, liquidated damages, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor Code §§ 204, 558, 1194 et seq., 1197, 1198, and Code of Civil Procedure § 1021.5.

## SECOND CAUSE OF ACTION

## REST PERIOD VIOLATIONS

## (AGAINST ALL DEFENDANTS)

38. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

39. Section 12 of the applicable Wage Orders and Labor Code §§ 226.7 and 516 establish the right of non-exempt employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

40. Due to their unlawful rest period policy and practices as stated above, Defendants did not authorize and permit Plaintiffs and members of the Classes to take any rest periods to which they were legally entitled. Despite Defendants' violations, Defendants have not paid an additional hour of pay to Plaintiffs and members of the Classes at their respective regular rates of pay for each violation, in accordance with California Labor Code § 226.7.

41. The foregoing violations create an entitlement to recovery by Plaintiffs and members of the Classes in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, and costs of suit pursuant to the applicable Wage Orders, Labor Code §§ 226.7 and 516, and Civil Code §§ 3287(b) and 3289.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

## (AGAINST ALL DEFENDANTS)

42. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

43. Labor Code 226(a) states in pertinent part the following:

"(a) An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. . ."

44. As set forth above, during the Class Period, Defendants issued continues to issue wage statements to its employees including Plaintiff and members of the Wage Statement Class which are inadequate under Labor Code Section 226(a). Here, by failing to pay Plaintiff and the Wage Statement Class for all hours worked and missed rest period premiums, Defendants failed to include required information on Plaintiff and the Wage Statement Class's wage statements, including, but not limited to, the gross wages earned, the net wages earned in violation of Labor Code section 226a. Additionally, Defendants have failed to list the appropriate night pay overtime rate on the wage statements of Plaintiff and other Wage Statement Class members in violation of Labor Code Section 226(a)(9).

45. Defendants' failure to comply with section 226(a) of the Labor Code was knowing and intentional.

46. As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff and members of the Wage Statement Class in violation of section 226(a) of the California Labor Code, Plaintiff and members of the Wage Statement Class are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiff and per every member of the Wage Statement Class from Defendants pursuant to section 226(e) of the Labor Code, costs and reasonable attorneys' fees.

**FOURTH CAUSE OF ACTION**

**WAITING TIME PENALTIES**

**(AGAINST ALL DEFENDANTS)**

47. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

48. The actionable period for this cause of action is three years prior to the filing of this Complaint through the present, and on-going until the violation are corrected or the class is certified.

49. Sections 201 and 202 of the Labor Code require Defendants to pay all compensation due and owing to Plaintiff and the Waiting Time Penalty Class during the actionable period for this cause of action at or around the time that their employment is or was terminated, or ended.

50. Section 203 of the Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

51. Defendants willfully failed to pay Plaintiff and the Waiting Time Penalty Class for all hours worked and their rest period premiums, prior to or upon termination or separation from employment with Defendants as required by Labor Code §§ 201 and 202.

52. As a result, Defendants are liable to Plaintiff and the Waiting Time Penalty Class for waiting time penalties amounting to thirty (30) days wages for Plaintiff and the Waiting Time Penalty Class pursuant to Labor Code § 203. See, e.g., DLSE Manual, 4.3.4 (Failure to pay any sort of wages due upon termination entitles an employee to recover waiting time penalties).

///

///

///

## FIFTH CAUSE OF ACTION

**UNFAIR COMPETITION BUSINESS & PROFESSIONS CODE § 17200 *et seq*.**

**(AGAINST ALL DEFENDANTS)**

53. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

54. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 et seq., by failing to pay for all hours worked, by failing to provide all legally required rest periods or make premium payments in lieu thereof, by failing to provide accurate wage statements, and by failing to pay Plaintiff and members of the Waiting Time Class all earned wages at the time of their separation from employment.

55. Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

56. Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for himself and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

57. The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

58. Plaintiff was compelled to retain the services of counsel to file this court action to protect her interests and those of the Classes, to obtain restitution and injunctive relief on behalf of Defendants' current hourly non-exempt employees and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which he is entitled to recover under Code of Civil Procedure § 1021.5.

///

///

## SIXTH CAUSE OF ACTION

## PRIVATE ATTORNEYS GENERAL ACT

## (AGAINST ALL DEFENDANTS)

59. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

60. Defendants have committed several Labor Code violations against Plaintiff and other aggrieved employees. Plaintiff, an "aggrieved employee" within the meaning of Labor Code § 2698 et seq., acting on behalf of himself and other similarly aggrieved employees, brings this representative action against Defendants on behalf of the following group of "aggrieved employees":

> All non-exempt employees who work or worked for Defendants in California, in any of its warehouses/distribution facilities/centers during the one year immediately preceding the filing of the PAGA Notice Letter through the date of trial. ("Aggrieved Employees")

61. Plaintiff brings this representative action to recover the civil penalties due to Plaintiff, other non-exempt employees, and the State of California according to proof pursuant to Labor Code § 2699 (a) and (f) including, but not limited to (1) $100 for each initial violation and $200 for each subsequent violation per employee per pay period for those violations of the Labor Code for which no civil penalty is specifically provided based on the following Labor Code violations:

   a. Failing to Pay Plaintiff and other non-exempt employees all earned minimum wages in violation of Labor Code §§ 204, 1194, and 1198 *et seq*.;

   b. Failing to authorize and permit Plaintiff and other non-exempt employees with all of their statutorily mandated rest periods in violation of Labor Code §§ 226.7 and 516.

   d. Failing to furnish Plaintiff and other non-exempt employees with complete, accurate, itemized wage statements in violations of Labor Code § 226 *et seq*.; and

   e. Failing to compensate Plaintiff and other non-exempt employees with all earnings at their separation of employment in violation of Labor Code §§ 201-203.

62. On or about August 20, 2020, Plaintiff notified Defendant Winco Holdings, Inc. ("Defendant") via certified mail, and the California Labor and Workforce Development Agency ("LWDA") via its website of Defendants' violations of the California Labor Code § 2698 *et. seq*.

16
**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

1 with respect to violations of the California Labor Code identified in Paragraph 61 (a)-(e) ("PAGA Notice"). Now that more than sixty-five (65) days have passed since the PAGA Notice was mailed to Defendants and the LWDA, and LWDA choose not to investigate the allegations herein, Plaintiff has exhausted all administrative requirements under the PAGA.

63. Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and the interests of other non-exempt employees, and to assess and collect the civil penalties owed by Defendants. Plaintiff has therefore incurred attorneys' fees and costs, which he is entitled to receive under Labor Code § 2699.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendants, as follows:

1. For an order certifying the proposed Classes;

2. For an order-appointing Plaintiff as representative of the Classes;

3. For an order appointing Counsel for Plaintiff as Counsel for the Classes;

4. Upon the First Cause of Action, for payment of minimum wages, liquidated damages, and penalties according to proof pursuant to Labor Code §§ 1182.12, 1194, 1194.2 and 1197;

5. Upon the Second Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7 and 512;

6. Upon the Third Cause of Action, penalties pursuant to Labor Code § 226(a), and reasonable costs and attorneys' fees;

7. Upon the Fourth Cause of Action, for statutory waiting time penalties pursuant to Labor Code §§ 201-203.

8. Upon the Fifth Cause of Action, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

9. Upon the Sixth Cause of Action, for civil penalties due to Plaintiff, other non-exempt employees, and the State of California according to proof pursuant to Labor Code § 2699 (a) and (f) including, but not limited to: (1) $100.00 for each initial violation and $200 for each subsequent

violation per employee per pay period for those violations of the Labor Code for which no civil penalty is specifically provided under the Labor Code;

10. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

11. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 218.5, 226, and Code of Civil Procedure § 1021.5.

12. For such other and further relief, the Court may deem just and proper.

Dated: April 27, 2022

**FALAKSSA LAW, P.C.**
**BOKHOUR LAW GROUP, P.C.**


By: */s/ Mehrdad Bokhour*
    Joshua Falakassa, Esq.
    Mehrdad Bokhour, Esq.
    Anwar D. Burton, Esq.
    Attorneys for Plaintiff and the Putative Classes

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, California 90067.

On April 27, 2022, I served the following document(s) described as **FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT** on the interested parties in this action as follows:

**SEYFARTH SHAW LLP**
Michael Kopp, Esq.
*mkopp@seyfarth.com*
Sophia Kwan, Esq.
*skwan@seyfarth.com*
Phillip J. Ebsworth, Esq.
*pebsworth@seyfarth.com*
400 Capitol Mall, Suite 2350
Stanislaus, California 95814-4428

**SEYFARTH SHAW LLP**
Alfred L. Sanderson Jr., Esq.
*asanderson@seyfarth.com*
560 Mission Street, 31st Floor
San Francisco, California 94105

*Attorneys for Defendant Winco Holdings, Inc.*

**By CM/ECF Notice of Electronic Filing**: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am a member of the bar of this Court.

Executed on April 27, 2022, at Los Angeles, California.

*/s/ Mehrdad Bokhour*
Mehrdad Bokhour