1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11   EVERARDO GARZA, JR.,                         No. 1:20-cv-01354-TLN-DB

12              Plaintiff,

13        v.                                       **ORDER**

14   WINCO HOLDINGS, INC.,

15              Defendant.

16

17        This matter is before the Court on Defendant WinCo Holdings, Inc.'s ("Defendant")

18   Motion to Dismiss.  (ECF No. 26.)  Plaintiff Everardo Garza, Jr. ("Plaintiff") filed an opposition.

19   (ECF No. 28.)  Defendant filed a reply.  (ECF No. 29.)  For the reasons set forth below, the Court

20   GRANTS Defendant's motion.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1

1    **I.      FACTUAL AND PROCEDURAL BACKGROUND**

2            On August 21, 2020, Plaintiff filed this putative class action against Defendant — his

3    former employer — in Stanislaus County Superior Court.  (ECF No. 2 at 18.)  Defendant

4    removed to this Court on September 23, 2020.  (*Id.* at 1.)  On March 28, 2022, District Judge

5    Jennifer L. Thurston denied Plaintiff's motion to remand and granted Defendant's motion to

6    dismiss with leave to amend.  (ECF No. 24.)  On April 27, 2022, Plaintiff filed the operative First

7    Amended Complaint ("FAC"), alleging state law claims for: (1) failure to pay minimum wages;

8    (2) rest period violations; (3) failure to provide accurate itemized wage statements; (4) waiting

9    time penalties; (5) unfair competition; and (6) civil penalties under California's Private Attorneys

10   General Act.  (ECF No. 25.)  On May 11, 2022, Defendant filed the instant motion to dismiss

11   under Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (ECF No. 26.)  The matter was

12   reassigned to this Court on October 9, 2023.  (ECF No. 40.)

13   **II.     STANDARD OF LAW**

14           A Rule 12(b)(6) motion tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250

15   F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain

16   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see also*

17   *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the

18   complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon

19   which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and

20   quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules

21   and summary judgment motions to define disputed facts and issues and to dispose of

22   unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

23           On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

24   *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every

25   reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

26   *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

27   "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

28   relief."  *Twombly*, 550 U.S. at 570 (internal citation omitted).

1    Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of
2    factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).
3    While Rule 8(a) does not require detailed factual allegations, "it demands more than an
4    unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.   A
5    pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the
6    elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678.   Thus,
7    "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to
8    dismiss" for failure to state a claim.   *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004)
9    (citations omitted).   Moreover, it is inappropriate to assume the plaintiff "can prove facts that it
10   has not alleged or that the defendants have violated the . . . laws in ways that have not been
11   alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S.
12   519, 526 (1983).

13   Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough
14   facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.   "A claim
15   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
16   reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
17   680.   While the plausibility requirement is not akin to a probability requirement, it demands more
18   than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.   This plausibility
19   inquiry is "a context-specific task that requires the reviewing court to draw on its judicial
20   experience and common sense." *Id.* at 679.   Thus, only where a plaintiff fails to "nudge [his or
21   her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly
22   dismissed.   *Id.* at 680 (internal quotations omitted).

23   If a complaint fails to state a claim, "'[a] district court should grant leave to amend even if
24   no request to amend the pleading was made, unless it determines that the pleading could not
25   possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.
26   2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).
27   ///
28   ///

3

### III.   ANALYSIS

Defendant moves to dismiss the FAC in its entirety.  (ECF No. 26-1.)  The Court will address each of Plaintiff's claims in turn.

#### A.   Claim One

In Claim One, Plaintiff alleges minimum wage violations based on Defendant's "uniform and unlawful practice of rounding Plaintiff's and members of the Class's time entries and failing to pay Plaintiff and members of the Class for all off-the-clock work, which resulted in these individuals not being paid for all hours actually worked."  (ECF No. 25 at 11.)  More specifically, Plaintiff alleges Defendant has a consistent policy of rounding his and other non-exempt employees' time entries to the nearest 15 minutes.  (*Id.* at 5.)

In moving to dismiss, Defendant argues numerous cases have affirmed the legality of rounding to the "nearest quarter hour" where the rounding policy is neutral on its face and as applied over time.  (ECF No. 26-1 at 8 (citing *Corbin v. Time Warner Entertainment-Advance/Newhouse P'ship*, 821 F.3d 1069, 1077 (9th Cir. 2016).)  Defendant also argues Plaintiff failed to address specific deficiencies the Court identified in its prior order dismissing this claim, including that Plaintiff must allege facts demonstrating there was at least one workweek or one specific instance in which Defendant violated Plaintiff's rights under *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014).  (*Id.* at 9.)

In opposition, Plaintiff cites the following allegations from the FAC: (1) During each workweek of the liability period, Plaintiff and other non-exempt employees typically worked in one of three shifts during their employment: the day shift from 4:00 am to 12:30 pm; the graveyard shift from 8:00 pm to 4:00 am; or the swing shift from 12:30 pm to 8:00 pm (ECF No. 25 at ¶ 12); (2) Defendant had a consistent policy of rounding Plaintiff's and other non-exempt employees' time entries to the nearest 15 minutes (*id.* at ¶ 13); and (3) Plaintiff provides a hypothetical example of how the rounding policy could result in underpayment of wages (*id.*).  Without citing any authority, Plaintiff contends these allegations give rise to an inference that Defendant's rounding practices were not neutral and resulted in an underpayment to employees over time.  (ECF No. 28 at 14.)  In addition, Plaintiff cites allegations that Defendant required

4

1  employees to line up before their scheduled shift to support his claim that employees were not

2  compensated for off-the-clock work.  (*Id.* at 15 (citing ECF No. 25 at ¶ 12).)

3       The Court agrees with Defendant.  In *Landers*, the Ninth Circuit held that in pleading a

4  claim for failure to pay minimum wages, "the plaintiff must allege at least one workweek when

5  he worked in excess of forty hours and was not paid for the excess hours in that workweek or was

6  not paid minimum wages." 771 F.3d at 646.  The allegations Plaintiff cites in his opposition are

7  vague, conclusory, and generic.  Plaintiff's allegations do not contain *facts* suggesting that

8  Defendant's rounding policy resulted in unpaid wages to Plaintiff on a specific occasion or that

9  the rounding policy resulted in systematic underpayment of wages.  Moreover, Plaintiff fails to

10 cite an instance where Defendant required him to work off-the-clock without compensation.  In

11 fact, Plaintiff fails to cite — and the Court cannot locate — any factual allegations in the FAC

12 indicating the relevant period of Plaintiff's employment, much less facts about a given week or

13 specific instance "in which he was entitled to but denied minimum wages" as required by

14 *Landers*.[1]  771 F.3d at 645–46.

15      Absent sufficient argument or authority from Plaintiff, the Court remains persuaded by the

16 cases discussed in its previous order that dismissed similar claims.  *See, e.g.*, *Castanon v. Winco

17 Holdings, Inc.*, No. 2:20-CV-01656-MCE-EFB, 2021 WL 4480846, at *3 (E.D. Cal. Sept. 30,

18 2021) (dismissing a claim that Winco improperly rounded time because the plaintiff failed to

19 provide "detail regarding a given workweek" that she was underpaid and "offer[ed] no

20 explanation as to how any rounding employed would not have been employed in a neutral fashion

21 so as [to] favor Winco over the interests of its employees").  However, the Court notes the

22 *Castanon* court found the plaintiff was able to cure the deficiencies in an amended pleading by

23 providing more specific detail.  *Castanon v. Winco Holdings, Inc.*, No. 2:20-CV-01656-MCE-

24 JDP, 2022 WL 3636404, at *4–5 (E.D. Cal. Aug. 23, 2022).

---

25 [1]      Plaintiff spends much of his opposition arguing that *Landers* did not create a heightened
26 pleading standard and that district courts in the Ninth Circuit apply *Landers* differently.  (ECF
   No. 28 at 10–12.)  This Court has applied *Landers* in a manner consistent with Defendant's
27 position.  *See, e.g.*, *Dutra v. J.R. Simplot Co.*, No. 2:21-CV-01054-TLN-CKD, 2023 WL 113846,
   at *3–4 (E.D. Cal. Jan. 5, 2023).  Plaintiff fails to persuade the Court that the relevant case law or
28 facts at issue here warrant a different result.

1    Accordingly, the Court GRANTS Defendant's motion to dismiss Claim One.  Although
2  the Court outlined many of these same deficiencies in its prior order, the Court will give Plaintiff
3  one final opportunity to amend this claim based on the liberal standard in favor of granting leave
4  to amend.[2]  *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)
5  (stating the standard of granting leave to amend "is to be applied with extreme liberality").

6                    B.    Claim Two

7    In Claim Two, Plaintiff alleges "[d]ue to their unlawful rest period policy and practices as
8  stated above, Defendants did not authorize and permit Plaintiffs and members of the Classes to
9  take any rest periods to which they were legally entitled."  (ECF No. 25 at 12.)  Plaintiff provides
10  the following three examples.  (*Id.* at 6.)

11    First, Plaintiff alleges non-exempt employees processing inbound shipments were
12  required to wait for contracted "lumpers" to unload freight from Defendant's truck trailers.  (*Id.*)
13  Plaintiff alleges the lumpers often ran behind schedule, causing Plaintiff and other non-exempt
14  employees to work on a compressed schedule and to forgo rest periods.  (*Id.*)

15    Second, Plaintiff alleges Defendants required Plaintiff and other non-exempt employees to
16  use headsets equipped with voice solution technology to help them locate and pick out items
17  ready for shipment.  (*Id.*)  Plaintiff alleges the headsets would often malfunction, thus causing a
18  delay in processing orders for shipment that required Plaintiff and other non-exempt employees to
19  work during their rest periods.  (*Id.*)

20    Third, Plaintiff alleges Defendant did not allow him and other non-exempt employees to
21  take rest periods at their workstations but instead required them to use the breakroom or exit the
22  facility.  (*Id.*)  Plaintiff alleges employees would often have to travel across the large warehouse
23  before they reached the breakroom or could exit the facility to start a rest period.  (*Id.*)  Plaintiff
24  alleges that as a result, the employees' rest periods were often less than ten minutes.  (*Id.* at 7.)

25  _____

26  [2]    Without citing any authority, Plaintiff requests the Court allow him to engage in limited
   discovery "to obtain his employment records and relevant policies applicable during his
27  employment which remain within the exclusive and unique possession, custody, and control of
   Defendant."  (ECF No. 28 at 21.)  Plaintiff fails to persuade the Court that limited discovery is
28  necessary or proper under these circumstances.  Therefore, the Court DENIES Plaintiff's request.

1    In moving to dismiss, Defendant argues Plaintiff's general allegations about a heavy

2  workload are insufficient to state a claim for the same reasons discussed in the Court's prior

3  order.  (ECF No. 26-1 at 10–11.)  Defendant emphasizes the FAC fails to describe a single

4  instance where Defendant denied Plaintiff or anyone else sufficient rest breaks.  (*Id.* at 11.)

5  Defendant also argues Plaintiff's allegations about employees not being allowed to take rest

6  periods at their workstations does not state a viable rest period claim under recent Ninth Circuit

7  authority.  (*Id.* at 13 (citing *Cazares v. Host Int'l, Inc.*, No. 20-55803, 2021 WL 3667227, at *3

8  (9th Cir. Aug. 18, 2021).)

9    The Court again agrees with Defendant.  "The requirement in *Landers* that a plaintiff must

10  plead a specific instance of alleged wage and hour violations also applies to claims about missed

11  meal and rest periods."  *Guerrero v. Halliburton Energy Servs., Inc.*, No. 1:16-CV-1300-LJO-

12  JLT, 2016 WL 6494296, at *6 (E.D. Cal. Nov. 2, 2016).  Although Plaintiff argues courts have

13  found viable rest period claims under similar circumstances to the instant case, Plaintiff does not

14  allege a single specific rest break where he worked through the break and was not paid for that

15  time, nor does he allege a specific instance where Defendant failed to provide him a rest break.

16  *Id.*; *see also Perez v. DNC Parks & Resorts at Asilomar, Inc.*, No. 1:19-CV-00484-DAD-SAB,

17  2022 WL 411422, at *5 (E.D. Cal. Feb. 10, 2022) (holding the plaintiffs adequately alleged rest

18  period claims where they alleged their employer had policies controlling where rest breaks can be

19  taken *and* specific instances where rest breaks were not fully taken).

20    Therefore, the Court GRANTS Defendant's motion to dismiss Claim Two.  As with

21  Claim One, the Court will give Plaintiff one final opportunity to amend this claim.

22                        C.    Claims Three Through Six

23    For the same reasons discussed in its prior order and absent argument from Plaintiff to the

24  contrary, the Court again finds that Plaintiff's remaining claims are all derivative of his minimum

25  wage and rest period claims, and thus fail for the reasons stated above.  (*See* ECF No. 24 at 25–

26  26.)  Accordingly, the Court DISMISSES the derivative claims.

27  ///

28  ///

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss with leave to amend.  (ECF No. 26.)  Plaintiff may file an amended complaint not later than thirty (30) days from the electronic filing date of this Order.  Defendant shall file a responsive pleading not later than twenty-one (21) days from the filing of the amended complaint.  If Plaintiff opts not to file an amended complaint, the Court will dismiss the action and close the case.

IT IS SO ORDERED.

Dated: November 13, 2023

Troy L. Nunley
United States District Judge