UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERARDO GARZA, JR., <br><br> Plaintiff, <br><br> v. <br><br> WINCO HOLDINGS, INC., <br><br> Defendant. | No. 1:20-cv-01354-TLN-SCR <br><br><br> **ORDER** |

This matter is before the Court on Defendant Winco Holdings, Inc.'s ("Defendant") Motion to Dismiss. (ECF No. 48.) Plaintiff Everardo Garza, Jr. ("Plaintiff") filed an opposition. (ECF No. 53.) Defendant filed a reply. (ECF No. 56.) For the reasons set forth below, the Court DENIES in part and GRANTS in part Defendant's motion.

///
///
///
///
///
///

1

1     **I.**     **FACTUAL AND PROCEDURAL BACKGROUND**

2     On August 21, 2020, Plaintiff filed this putative class action against Defendant — his
3 former employer — in Stanislaus County Superior Court. (ECF No. 2.) Defendant removed to
4 this Court on September 23, 2020. (*Id.*) On October 7, 2020, Defendant moved to dismiss
5 Plaintiff's Complaint. (ECF No. 7.) On March 28, 2022, District Judge Jennifer L. Thurston
6 granted Defendant's motion to dismiss with leave to amend. (ECF No. 24.) On April 27, 2022,
7 Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 25.) On May 11, 2022, Defendant
8 filed a motion to dismiss Plaintiff's FAC. (ECF No. 26.) The matter was reassigned to this Court
9 on October 9, 2023. (ECF No. 40.) On November 15, 2023, this Court granted Defendant's
10 motion to dismiss Plaintiff's FAC with leave to amend. (ECF No. 44.)

11     On December 15, 2023, Plaintiff filed the operative Second Amended Complaint
12 ("SAC") alleging claims for: (1) failure to pay minimum wages; (2) rest period violations; (3)
13 failure to provide accurate itemized wage statements; (4) waiting time penalties; (5) unfair
14 competition; and (6) civil penalties under the Private Attorneys General Act. (ECF No. 47.) On
15 January 5, 2024, Defendant filed the instant motion to dismiss Plaintiff's SAC under Federal Rule
16 of Civil Procedure ("Rule") 12(b)(6). (ECF No. 48.)

17     **II.**     **STANDARD OF LAW**

18     A motion to dismiss for failure to state a claim upon which relief can be granted under
19 Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th
20 Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim
21 showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556
22 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the
23 defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic*
24 *v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified
25 notice pleading standard relies on liberal discovery rules and summary judgment motions to
26 define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema*
27 *N.A.*, 534 U.S. 506, 512 (2002).

28     On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

*Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680 (internal quotations omitted).

1       In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true allegations that contradict matters properly subject to judicial notice).

      If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile).

### III.    ANALYSIS

      In its motion to dismiss, Defendant moves to dismiss Plaintiff's SAC in its entirety. (ECF No. 48.) The Court will address each of Plaintiff's claims in turn.

#### A. Request for Judicial Notice

      As a threshold matter, Defendant seeks judicial notice of two documents: (1) Exhibit A, which is a redlined version of Plaintiff's SAC purporting to show changes made to Plaintiff's FAC; and (2) Exhibit B, which is the operative complaint in *Castanon v. Winco Holdings, Inc.*, No. 2:20-CV-01656-MCE-EFB, 2021 WL 4480846 (E.D. Cal. Sept. 30, 2021). (ECF No. 51 at 2.) Plaintiff did not oppose Defendant's request for judicial notice.

      The Court may take judicial notice of facts that are "generally known within the trial court's territorial jurisdiction" or can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A federal court may 'take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Schulze v. FBI*, No. 1:05–CV–0180-AWI-GSA, 2010 WL 2902518, at *1 (E.D. Cal. July 22, 2010) (quoting *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). However, Defendant fails to persuade the Court that

4

1    Exhibits A and B have any bearing on whether Plaintiff has adequately alleged his claims, and the
2    Court has not relied on those documents in its ruling.  Accordingly, Defendant's request for
3    judicial notice is DENIED.
4               B.   Claim One
5         In Claim One, Plaintiff alleges minimum wage violations based on Defendant's "uniform
6    and unlawful practice of rounding Plaintiff's and members of the Class's time entries and failing
7    to pay Plaintiff and members of the Class for all off-the-clock work, which resulted in these
8    individuals not being paid for all hours actually worked." (ECF No. 47 at 16.) More specifically,
9    Plaintiff alleges Defendant has a consistent policy of rounding his and other non-exempt
10   employees' time entries to the nearest 15 minutes.  (*Id.* at 6.)
11        Defendant makes three arguments as to why Claim One should be dismissed.  First, as it
12   did in its motion to dismiss Plaintiff's FAC, Defendant again argues numerous cases have
13   affirmed the legality of rounding to the "nearest quarter hour" where the rounding policy is
14   neutral on its face and as applied over time. (ECF No. 48 at 4 (citing *Corbin v. Time Warner*
15   *Entertainment-Advance/Newhouse P'ship*, 821 F.3d 1069, 1077 (9th Cir. 2016).)  Defendant
16   argues that because the examples of underpayment provided in the SAC are limited to two pay
17   periods and the SAC is otherwise silent as to the impact of Defendant's rounding policy on the
18   other pay periods, Plaintiff has not sufficiently pleaded allegations that would establish or allow
19   the reasonable inference that Defendant's rounding policy was not neutral as applied over time.
20   (ECF No. 48 at 4.)  Second, Defendant argues the SAC lacks requisite, specific facts to find
21   Plaintiff's claim plausible, including the amount of purported underpayment.  (*Id.* at 5–6*.*)
22   Defendant also argues the SAC is devoid of facts about how Defendant's rounding policy
23   systematically underpaid putative class members or that the rounding policy benefitted Defendant
24   to the detriment of the class.  (*Id.*)  Further, Defendant argues that the SAC does not include the
25   period of time Plaintiff was employed by Defendant. (*Id.*)  The third argument Defendant makes
26   as to why Claim One should be dismissed is that the allegations in Plaintiff's SAC are largely
27   taken from the operative complaint in *Castanon* and are false.  (*Id.* at 7–9.)
28        In opposition, Plaintiff cites the following allegations from the SAC: (1) Plaintiff worked

5

for Defendant in its distribution center in Modesto, California as a nonexempt employee with a final pay of $29.85 per hour (ECF No. 47 at ¶ 13); (2) Defendant had a consistent policy of rounding Plaintiff's and other non-exempt employees' time entries to the nearest 15 minutes (*id.* at ¶¶ 15–17); (3) during the pay period 09/08/2019 to 09/21/2019, Plaintiff was only paid for a total of 54.25 hours, but Plaintiff worked more than 54.25 hours, resulting in an underpayment of wages to Plaintiff (*id.* at ¶ 20); (4) during the pay period 07/28/2019 to 08/10/2019, Plaintiff was only paid for exactly 80.0 hours, but Plaintiff worked more than 80.0 hours, resulting in an underpayment of wages to Plaintiff (*id.* at ¶ 21); and (5) Plaintiff's pay records between 07/14/2019 to 09/22/2019 demonstrates that shifts between 8 and 9 hours were rounded down, resulting in a net underpayment to Plaintiff (*id.* at ¶ 22). Plaintiff argues his specific allegations must be taken as true and are sufficient to meet the plausibility standard for this claim. (ECF No. 53 at 12.)

The Court previously dismissed Plaintiff's claim for unpaid minimum wages because Plaintiff did not meet the minimum pleading requirements as set forth in *Landers*. (ECF No. 44 at 5.) More specifically, Plaintiff had not alleged facts suggesting that Defendant's rounding policy resulted in unpaid wages to Plaintiff on a specific occasion or that the rounding policy resulted in systematic underpayment of wages. (*Id.*) The Court further noted Plaintiff failed to cite an instance where Defendant required him to work off-the-clock without compensation. (*Id.*)

In the SAC, Plaintiff alleges that during the pay period of 09/08/2019 to 09/21/2019, Plaintiff was only paid for a total of 54.25 hours, but Plaintiff worked more than 54.25 hours, resulting in an underpayment of wages of Plaintiff. (ECF No. 47 at ¶20.) Plaintiff additionally alleges that during the pay period of 07/28/2019 to 08/10/2019, Plaintiff was only paid for exactly 80.0 hours, but Plaintiff worked more than 80.0 hours, resulting in an underpayment of wages to Plaintiff. (ECF No. 47 at ¶21.) As Plaintiff has provided more specific detail regarding a specific occasion in which Defendant's rounding policy resulted in unpaid wages and an instance in which Defendant required Plaintiff to work off-the-clock without compensation, he has cured the deficiencies in the complaint as to Claim One. Accordingly, the Court DENIES Defendant's

motion to dismiss Claim One.[1]

### C. Claim Two

In Claim Two, Plaintiff alleges "[d]ue to their unlawful rest period policy and practices," Defendants did not authorize or permit Plaintiff and members of the putative class to take any rest periods to which they were legally entitled. (ECF No. 47 at 17–18.)  Plaintiff provides multiple examples in support of his allegation, including: (1) that Plaintiff and other non-exempt employees worked on a compressed schedule due to contractors running behind schedule which caused Plaintiff and other non-exempt employees to forgo rest periods; (2) that headsets often malfunction, causing delay in processing orders for shipment that required Plaintiff and other non-exempt employees to work during their rest period; and (3) that Plaintiff and other non-exempt employees would have to travel a long distance to the breakroom or the exit of the facility to start a rest break such that the rest breaks were often less than ten minutes. (*Id*. at 10–11.)

The Court previously dismissed Plaintiff's claim for unpaid minimum wages because Plaintiff did not allege a single specific rest break where he worked through the break and was not paid for that time, nor did he allege a specific instance where Defendant failed to provide him a rest break. (ECF No. 44 at 7.) In its motion, Defendant concedes Plaintiff provides a specific instance in which he was not provided a rest period in his SAC but argues that Plaintiff's new allegation is insufficient to state a cognizable theory of liability. (ECF No. 48 at 11.) Defendant relies on *Cazares v. Host Int'l, Inc*., No. 20-55803, 2021 WL 3667227, at *3 (9th Cir. Aug. 18, 2021). In *Cazares*, the plaintiff alleged that "on many occasions," he "had to spend several minutes walking to the designated rested area" that resulted in his break being "taken short." *Id.* at *2. The court in *Cazares* found the plaintiff's rest break claim failed because the plaintiff did not allege that "(1) he was required to take his rest period at a particular, remote designated area and (2) there were no other area where he or putative class members could take rest periods that

---

[1] The Court notes Defendant also argues Plaintiff's time and pay records were incorporated by reference into the SAC and demonstrate that Plaintiff's newly added allegations are false. (ECF No. 48 at 10; ECF 56 at 2–4.) Plaintiff argues his time and pay records were not incorporated into the SAC as the documents were not attached to the SAC nor did his SAC refer to the substance of the records extensively. (ECF No. 53 at 10.) Defendant fails to persuade the Court that it would be proper to consider the time and pay records in ruling on the instant motion.

1 were closer than the designated area." *Id.* at *3.

2 The Court disagrees that Plaintiff's allegations in the SAC are similarly deficient. Plaintiff alleges three examples of how Defendant did not authorize or permit Plaintiff and other non-exempt employees to take rest breaks. (ECF No. 47 at 10–11.) Importantly, and in contrast to *Cazares*, Plaintiff alleges specific details regarding how Defendant required Plaintiff to take his rest breaks at a designated area, including the following: (1) Plaintiff and other non-exempt employees were not allowed to take rest periods at their respective workstations but were instead required to use the breakroom or exit the facility once the break horn sounded; (2) given the size of Defendant's warehouse, non-exempt employees would often have to travel across the large warehouse before they reached the breakroom or could exist the facility to start a rest period; and (3) once the break horn sounded to signal the end of the rest period, non-exempt employees had to return to their workstations. (*Id.* at ¶ 32.) Furthermore, Plaintiff addressed the deficiency identified in the Court's prior order dismissing Plaintiff's second claim by providing a specific instance in which Defendant failed to provide him with a rest break. (*Id.* at ¶ 33.) The Court concludes the foregoing facts are sufficient to state a plausible rest break claim.

Accordingly, the Court DENIES Defendant's motion to dismiss Claim Two.

D.  Claims Three, Five, and Six

Defendant argues Plaintiff's derivative claims for wage statement violations (Claim Three), unfair competition (Claim Five), and PAGA penalties (Claim Six) because Plaintiff has not sufficiently pleaded his claims for failure to pay minimum wage and rest break violations. (ECF No. 48 at 12.) As discussed above, the Court finds Plaintiff has sufficiently pleaded his claims for failure to pay minimum wages and rest break violations.  Accordingly, the Court DENIES Defendant's motion to dismiss Claims Three, Five, and Six.

E.  Claim Four

In Claim Four, Plaintiff seeks waiting time penalties based on Defendant's alleged failure to timely pay wages owed upon separation. (ECF No. 44 at ¶¶ 64-69.) Plaintiff frames Claim Four as being based on the requirements of California Labor Code §§ 201 and 202. (*Id.*)

Defendant argues Plaintiff's claim for waiting time penalties should be dismissed as

8

1  Plaintiff does not allege whether or when Plaintiff's employment ended or whether the end of
2  employment was due to a termination or resignation. (ECF No. 48 at 12.) The absence of these
3  facts was previously noted in the Court's prior order. (ECF No. 44 at 5). Defendant contends
4  that absent facts about how Plaintiff's employment ended, it cannot be determined whether the
5  claim should be brought pursuant to California Labor Code §§ 201 or 202. (ECF No. 48 at 12.)
6  Defendant further argues Plaintiff cannot pursue claims under both California Labor Code §§ 201
7  and 202 because such claims are mutually exclusive. (*Id.*)

8  California Labor Code §§ 201 and 202 involve different circumstances. Section 201
9  requires that in the event an employee is discharged by his or her employer, the wages earned and
10 unpaid at the time of discharge are due and payable immediately. Section 202, on the other hand,
11 gives the employer 72 hours to do so if it is the employee who quits. Cal. Lab. Code §§ 201, 202.
12 Sections 201 and 202 of the California Labor Code provide for separate causes of
13 actions. *See Segal v. Aquent LLC*, No. 18-cv-346-LAB (JLB), 2018 WL 4599754, at *6 (S.D.
14 Cal. Sept. 24, 2018). Accordingly, Plaintiff can only pursue a claim under § 201 or § 202 but not
15 both. Section 203, which provides for penalties for violations of § 201 and § 202 does not create
16 a separate cause of action. *McGhee v. Tesoro Ref. & Mktg. Co. LLC*, No. 18-cv-05999-JSW, 440
17 F. Supp. 3d 1062, 1072 (N.D. Cal. 2020)

18 Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's waiting time
19 claim because Plaintiff fails to allege how his employment ended. As such, it is unclear whether
20 Plaintiff has standing to bring either a 201 or 202 claim. Although the Court noted the lack of
21 factual information related to Plaintiff's employment in a prior order, the Court will give Plaintiff
22 one final opportunity to amend this claim based on the liberal standard in favor of granting leave
23 to amend and because the Court did not address this deficiency previously. *Morongo Band of*
24 *Mission Indians v. Rose*, 893 F. 2d 1074, 1079 (9th Cir. 1990).

25 **IV.   CONCLUSION**

26 For the foregoing reasons, the Court DENIES in part and GRANTS in part Defendant's
27 Motion to Dismiss (ECF No. 48) as follows:

28 1. The Court GRANTS Defendant's motion to dismiss Claim Four with leave to amend;

9

and

2. The Court DENIES Defendant's motion to dismiss in all other respects.

Plaintiff may file an amended complaint not later than thirty (30) days from the electronic filing date of this Order.  Defendant shall file a responsive pleading not later than twenty-one (21) days from the filing of the amended complaint.  If Plaintiff opts not to file an amended complaint, the case will proceed on the remaining claims in the SAC and Defendants shall file an answer not less than twenty-one (21) days after Plaintiff's deadline for filing an amended complaint.

IT IS SO ORDERED.

DATE: September 26, 2024

Troy L. Nunley
Chief United States District Judge